**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| **LESLIE REAL, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GOLDEN STEPS ABA, LLC,**<br><br>**Defendant.** | **Case No. 2:26-cv-15165**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff—Leslie Real ("Plaintiff" or "Real")—brings this action individually and on behalf of all current and former hourly employees who provided Applied Behavior Analysis ("ABA") therapy (collectively, "Plaintiff and the Putative Collective Members"), and were employed by Defendant—Golden Steps ABA, LLC ("Golden Steps")—anywhere in the United States, at any time from three (3) years preceding the filing of this Complaint, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those current and former hourly employees who provided ABA therapy and were employed by Golden Steps, anywhere in the United States, at any time from three (3) years preceding the filing of this Complaint, through the final disposition of this matter.

3. Although Plaintiff and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Golden Steps knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members the proper amount of overtime on a routine and regular basis.

5. Specifically, Golden Steps' regular practice—including during weeks when Plaintiff and the Putative Collective Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to pay Plaintiff and the Putative Collective Members only for the scheduled time of their therapy sessions (the "Session-Only Pay Policy").

6. Under the Session-Only Pay Policy, Golden Steps did not (and does not) pay Plaintiff and the Putative Collective Members for completing and submitting required session notes after their sessions ended (the "Post-Session Documentation").

7. Additionally, under the Session-Only Pay Policy, Golden Steps did not (and does not) pay Plaintiff and the Putative Collective Members for the time they spent driving directly from one session location to the next during the workday, or for the time they spent waiting between sessions (the "Between-Session Time").

8. Lastly, Golden Steps paid (and continues to pay) Plaintiff and the Putative Collective Members an hourly travel differential (the "Travel Stipend"), but did not (and does not) include the Travel Stipend in their regular rates of pay for purposes of calculating overtime.

9. The effect of Golden Steps' practices were (and are) that all compensable time worked by Plaintiff and the Putative Collective Members was not (and is not) counted and paid at the rates required by the FLSA; thus, Golden Steps failed to properly compensate Plaintiff and the Putative Collective Members for all hours worked and the proper amount of overtime under the FLSA.

10. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

11. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

12. Plaintiff also prays that all similarly situated hourly employees who provided ABA therapy (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

13. Plaintiff—Leslie Real ("Real")—was employed by Golden Steps in Georgia during the relevant time period. Plaintiff Real did not receive the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former hourly employees who provided ABA therapy and were employed by Golden Steps, anywhere in the United States, at any time from three (3) years preceding the filing of this Complaint, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Real worked and was paid.

[1] The written consent of Leslie Real is attached hereto as Exhibit "A."

15. Defendant Golden Steps ABA, LLC ("Golden Steps") is a limited liability company with its principal office located in Englewood Cliffs, New Jersey, and may be served through its registered agent for service of process: **Yisroel Wolmark, 560 Sylvan Ave, Suite 1110, Englewood Cliffs, New Jersey 07632.**

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this is an action arising under 29 U.S.C. §§ 201–19.

17. Plaintiff has not entered into an arbitration agreement that would affect the Court's jurisdiction.

18. This Court has general personal jurisdiction over Golden Steps because the State of New Jersey qualifies as its home state, and Golden Steps maintains its principal place of business in Englewood Cliffs, New Jersey, all of which is located within this District and Division.

19. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of New Jersey, Newark Division, because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred—specifically, Golden Steps maintains its company headquarters in Englewood Cliffs, New Jersey, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

20. Golden Steps provides applied behavior analysis ("ABA") therapy to children with autism in their homes, at their schools, and in clinics across more than a dozen states.[2]

21. To provide its services, Golden Steps employed (and continues to employ) numerous hourly employees who provide ABA therapy—including Plaintiff and the individuals that make up the Putative Collective Members.

22. Plaintiff and the Putative Collective Members provide one-on-one ABA therapy sessions to the children that Golden Steps assigns to them, helping those children work through their behaviors, and build skills wherever those children receive services—including in their homes and at their schools.

23. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

24. Importantly, none of the FLSA exemptions relieving a covered employer (such as Golden Steps) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

[2] https://www.goldenstepsaba.com/services/(last visited November 24, 2026).

25. Plaintiff Real was employed by Golden Steps as a non-exempt, hourly Registered Behavior Technician in Dalton, Georgia from January 13, 2024 until March 30, 2025.

26. Throughout her employment, Plaintiff Real typically worked six (6) days per workweek and conducted three (3) therapy sessions each day, each lasting approximately two (2) to four (4) hours.

27. Plaintiff Real regularly worked more than forty (40) hours per workweek.

28. Plaintiff Real recorded her session times and submitted her session notes electronically through Golden Steps' online system.

**Plaintiff and the Putative Collective Members are Similarly Situated**

29. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Golden Steps resulting in the complained of FLSA violations.

30. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties—that is, they all provided ABA therapy sessions to the children Golden Steps assigned to them and completed a session note for each session.

31. Plaintiff and the Putative Collective Members are similarly situated with respect to their pay structure—that is, they were all paid an hourly rate with an

additional amount for travel time.

32. Golden Steps paid Plaintiff and the Putative Collective Members only for the scheduled time of their therapy sessions pursuant to the Session-Only Pay Policy.

33. Golden Steps did not pay Plaintiff and the Putative Collective Members for their Post-Session Documentation.

34. Golden Steps also did not pay Plaintiff and the Putative Collective Members who provided sessions at more than one location in a workday for their Between-Session Time.

35. Plaintiff and the Putative Collective Members are similarly situated with respect to Golden Steps' policies (and practices) resulting in the complained of FLSA violations.

36. The Session-Only Pay Policy is a company-wide policy that Golden Steps applies to the Registered Behavior Technicians it employs at its locations across the United States.

**Unpaid Post-Session Documentation**

37. Plaintiff and the Putative Collective Members were not (and continue to not be) paid for their Post-Session Documentation as a result of the Session-Only Pay Policy.

38. Golden Steps required Plaintiff and the Putative Collective Members to

complete a written session note for each therapy session documenting the therapy they provided during that session.

39. Golden Steps required Plaintiff and the Putative Collective Members to complete and submit each session note on the same day as the session.

40. Golden Steps uses the session notes to bill insurers for the therapy sessions that Plaintiff and the Putative Collective Members provide.

41. Golden Steps did not pay Plaintiff and the Putative Collective Members for a session until they had completed and submitted the session note for that session.

42. Even then, Golden Steps paid Plaintiff and the Putative Collective Members only for the scheduled time of the session—not for the time they spent completing the session note after the session ended.

43. Plaintiff and the Putative Collective Members frequently completed their session notes after their sessions had ended.

44. Each session note took approximately ten (10) to fifteen (15) minutes to complete.

45. The Post-Session Documentation was integral and indispensable to the therapy sessions that Plaintiff and the Putative Collective Members were employed to provide.

46. Indeed, the Post-Session Documentation is part of the therapy itself—each session note records the therapy provided during that session, and Plaintiff and

the Putative Collective Members could not provide ABA therapy for Golden Steps without documenting it.

47. In workweeks during which Plaintiff and the Putative Collective Members' paid hours totaled forty (40) or more, the unpaid Post-Session Documentation constituted unpaid overtime under the FLSA that Golden Steps failed to pay.

48. For example, during a typical workweek, Plaintiff Real worked six (6) days and conducted three (3) therapy sessions each day, each lasting approximately three (3) hours—approximately fifty-four (54) hours of session time.

49. Plaintiff Real worked that schedule in typical workweeks throughout her employment, including during the final months of her employment in early 2025.

50. During the typical workweek described herein, Plaintiff Real completed multiple session notes each day after each session it documented had ended, each taking ten (10) to fifteen (15) minutes—at least two (2) hours of Post-Session Documentation for the workweek.

51. Because Plaintiff Real's paid session time exceeded forty (40) hours that workweek, each hour of her Post-Session Documentation was an hour of overtime, and Golden Steps failed to pay Plaintiff Real for at least two (2) hours of overtime that workweek.

52. Golden Steps knew (or should have known) that Plaintiff and the Putative Collective Members performed the Post-Session Documentation after their sessions ended because Golden Steps required the session notes to be completed, received them electronically, and paid only for the scheduled session time.

53. Golden Steps' own electronic records reflect when each session note was submitted, and therefore show Golden Steps when Plaintiff and the Putative Collective Members completed their session notes after their sessions had ended.

**Unpaid Between-Session Time**

54. Plaintiff and the Putative Collective Members who provided sessions at more than one location in a workday were not (and continue to not be) paid for their Between-Session Time as a result of the Session-Only Pay Policy.

55. Golden Steps assigned Plaintiff Real to provide therapy sessions to multiple children each day at different locations—including the children's homes and schools.

56. Golden Steps assigned other Putative Collective Members to provide therapy sessions at multiple locations each day in the same manner.

57. Plaintiff Real regularly drove directly from one session location to the next, without any significant time between the end of one session and the start of the next.

58. Each drive between session locations took approximately five (5) to thirty (30) minutes.

59. Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. *See* 29 C.F.R. § 785.38.

60. Plaintiff and the Putative Collective Members' Between-Session Time occurred within their continuous workday—after their first principal activity of the day and before their last—and must be counted as hours worked. *See* 29 C.F.R. § 790.6(a)–(b).

61. Any time between Plaintiff and the Putative Collective Members' arrival at a session location and the start of the session was too short for them to use effectively for their own purposes.

62. During those periods, Plaintiff and the Putative Collective Members were engaged to wait, and those periods are hours worked. *See* 29 C.F.R. §§ 785.15, 785.16.

63. Plaintiff Real's clients sometimes cancelled sessions on the day of the session—including after Plaintiff Real was already driving to the session location.

64. If a client cancelled a session after Plaintiff Real had completed an earlier session that day, Golden Steps did not pay her for the time she spent driving from the earlier session to the cancelled session.

65. Golden Steps likewise did not pay Plaintiff Real for the time she spent waiting at a session location after a client failed to appear or cancelled after her arrival.

66. Plaintiff Real's travel from a completed session toward her next scheduled session—at least until she learned of the cancellation—was travel from job site to job site during her workday and is compensable. *See* 29 C.F.R. § 785.38.

67. Plaintiff Real's waiting time at a session location after a client failed to appear occurred during her continuous workday, while she was engaged to wait, and is compensable. *See* 29 C.F.R. § 785.15.

68. In workweeks during which Plaintiff and the Putative Collective Members' paid hours totaled forty (40) or more, the unpaid Between-Session Time constituted unpaid overtime under the FLSA that Golden Steps failed to pay.

69. For example, in the typical workweek described herein, Plaintiff Real drove directly from one session location to the next at least twice each day, with each drive taking at least five (5) minutes—at least one (1) hour of Between-Session Time for the workweek.

70. Because Plaintiff Real's paid session time exceeded forty (40) hours that workweek, Golden Steps failed to pay Plaintiff Real for at least one (1) additional hour of overtime that workweek for her Between-Session Time.

71. Golden Steps knew (or should have known) that Plaintiff and the Putative Collective Members traveled between session locations during the workday because Golden Steps assigned their clients and scheduled their sessions at different locations on the same day.

**Golden Steps Failed to Include the Travel Stipend in the Regular Rate**

72. Golden Steps paid Plaintiff Real $28.00 per hour, plus an additional $2.00 per hour as the Travel Stipend.

73. Golden Steps paid the Travel Stipend by the hour, regardless of the total miles that Plaintiff Real drove or the travel expenses that she actually incurred.

74. The regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee. *See* 29 U.S.C. § 207(e).

75. Payments for expenses may be excluded from the regular rate only to the extent they reasonably approximate the expenses the employee actually incurred on the employer's behalf; any amount that does not reasonably approximate those expenses must be included in the regular rate. *See* 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217.

76. Because Golden Steps paid the Travel Stipend for each hour of session time, the amount Plaintiff Real received turned on how long her sessions lasted, not on how far she drove—for example, a four (4) hour session that was located five (5)

minutes from her prior session generated $8.00 in Travel Stipend, while a two (2) hour session that was located thirty (30) minutes away generated $4.00.

77. The Travel Stipend therefore did not reasonably approximate the travel expenses Plaintiff Real actually incurred.

78. Accordingly, the Travel Stipend was remuneration for employment that Golden Steps was required to include in Plaintiff Real's regular rate of pay.

79. Golden Steps did not include the Travel Stipend in Plaintiff Real's regular rate of pay when calculating her overtime.

80. Golden Steps paid the Travel Stipend to other Putative Collective Members who traveled between session locations and excluded it from their regular rates of pay in the same manner.

81. For example, in the typical workweek described herein, Golden Steps paid Plaintiff Real the Travel Stipend for her approximately fifty-four (54) hours of session time but did not include the Travel Stipend in her regular rate of pay when calculating the overtime owed for the approximately fourteen (14) hours of session time in excess of forty (40) for which Golden Steps paid her.

82. Golden Steps knew the Travel Stipend did not track Plaintiff Real's travel expenses because Golden Steps itself set the Travel Stipend at a fixed $2.00 for every hour of session time.

83. Golden Steps' regular rate error caused Plaintiff Real's overtime

compensation to be underpaid in every workweek in which she worked more than forty (40) hours.

84. Golden Steps knew, or should have known, of its obligations under the FLSA with respect to the calculation of the regular rate and the payment of overtime compensation.

85. Golden Steps knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members the proper amount of overtime compensation in violation of the FLSA.

86. Indeed, Golden Steps knew that it was required to pay Plaintiff and the Putative Collective Members overtime under the FLSA but intentionally or recklessly disregarded that legal obligation.

87. Golden Steps adopted and enforced the Session-Only Pay Policy even though Golden Steps itself required the Post-Session Documentation and scheduled the sessions that required Plaintiff and the Putative Collective Members to travel between session locations.

88. Golden Steps' actions therefore constitute willful violations under the law and were not made in good faith.

89. Golden Steps knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and the Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative

Collective Members.

90. Golden Steps' failure to compensate Plaintiff and the Putative Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

91. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

92. All previous paragraphs are incorporated as though fully set forth herein.

93. The "FLSA Collective" is defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO PROVIDED ABA THERAPY AND WERE EMPLOYED BY GOLDEN STEPS ABA, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM THREE (3) YEARS PRECEDING THE FILING OF THIS COMPLAINT, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

94. At all material times, Golden Steps has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

95. At all material times, Golden Steps has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

96. At all material times, Golden Steps has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had, and continues to have, employees engaged in the operation of an ABA therapy business and in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

97. Specifically, Golden Steps employed (and continues to employ) hourly employees to provide ABA therapy to children in their homes, at their schools, and in clinics across more than a dozen states; purchases electronic devices, software, and therapy materials that have been moved in or produced for commerce; and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, and the Internet.

98. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Golden Steps, these individuals provided services for

Golden Steps that involved interstate commerce for purposes of the FLSA.

99. In performing work for Golden Steps, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

100. Specifically, Plaintiff and the FLSA Collective Members are (or were) employees who provided ABA therapy services for Golden Steps' customers throughout the United States. 29 U.S.C. § 203(j).

101. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

102. The proposed collective of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 93.

103. The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Golden Steps.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

104. All previous paragraphs are incorporated as though fully set forth herein.

105. Golden Steps violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

106. Moreover, Golden Steps knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

107. Golden Steps knew or should have known its pay practices were in violation of the FLSA.

108. Golden Steps is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

109. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Golden Steps to pay them according to the law.

110. The decision and practice by Golden Steps to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

111. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

112. All previous paragraphs are incorporated as though fully set forth herein.

113. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Golden Steps' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

114. Other similarly situated employees have been victimized by Golden Steps' patterns, practices, and policies, which are in willful violation of the FLSA.

115. The FLSA Collective Members are defined in Paragraph 93.

116. Golden Steps' failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek in an amount equal to one-and-a-half times their regular rate of pay results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

117. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

118. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

119. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek in an amount equal to one-and-a-half times their regular rate of pay.

120. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

121. Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Golden Steps will retain the proceeds of its rampant violations.

122. Moreover, individual litigation would be unduly burdensome to the judicial system.

123. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

124. Accordingly, the proposed FLSA Collective of similarly situated plaintiffs should be certified as defined in Paragraph 93 and notice should be

promptly sent.

## VI.
## RELIEF SOUGHT

125. Plaintiff respectfully prays for judgment against Golden Steps as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 93;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Golden Steps liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Real a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Golden Steps, at Golden Steps' expense; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Putative Collective Members, hereby demands a trial by jury on all issues of fact and damages.

Date: November 24, 2026

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: */s/ Innessa M. Huot*
**Innessa M. Huot**
ihuot@faruqilaw.com
685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24071993

lauren@a2xlaw.com
**Carter T. Hastings** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective Members***